**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MICHAEL DAVIS,**

**Plaintiff,**

**v.**                                                                            **Case No: 6:22-cv-81-RBD-DCI**

**LOCKHEED MARTIN**
**CORPORATION,**

**Defendant.**

_____

**ORDER**

This cause comes before the Court for consideration following a hearing on the following

motion:

| | |
|---|---|
| **MOTION:** | **Motion to Compel Production of Documents Concerning Hexavalent Chromium, and for Sanctions (Doc. 214)** |
| **FILED:** | **August 25, 2023** |

**THEREON** it is **ORDERED** that the motion is **DENIED.**

**I.     Background**

This is one of several related toxic-tort cases.  Throughout this litigation, the parties have

continued to negotiate Defendant's response to Plaintiff's initial discovery requests.  Those

negotiations have included an agreement to certain ESI protocols.  *See Grayson v. Lockheed*

*Martin Corp.*, No. 6:20-cv-1770-RBD-DCI (M.D. Fla. Apr. 25, 2022).[1]  Since then, a dispute arose over Defendant's production of documents concerning hexavalent chromium.

On May 9, 2023, Plaintiff filed a short form motion to compel additional hexavalent chromium documents, asserting that through a deposition Plaintiff had discovered at least two hexavalent chromium documents that were responsive to Plaintiff's discovery requests but not produced by Defendant.  Doc. 152.  Defendant responded to that motion and the Court held a hearing on June 28, 2023.  Docs. 153; 189.  Following the hearing, the Court entered an order granting in part and denying in part the motion, directing Defendant to re-review portions of its ESI protocol, and setting a status conference.  Doc. 190.  The Court directed that:

> As described at the hearing, Defendant Lockheed shall review the agreed-upon universe of documents at issue (taking into consideration the agreed-to custodians and search terms) and locate any non-privileged documents related to Hexavalent Chromium within that document set that were not provided to Plaintiff.

*Id*.

On July 26, 2023, the Court held the status conference.  *See Henderson v. Lockheed*, No. 6:21-cv-1363-RBD-DCI (M.D. Fla. July 26, 2023).  At the hearing, Defendant represented that it had reviewed its protocols and confirmed that it complied with its discovery obligations in relation to the hexavalent chromium documents.  *Id*.; Doc. 215-29.  Yet, during that re-review process, Defendant discovered and disclosed a handful of responsive documents that Defendant should have disclosed to Plaintiff in the first instance.  *Id*.; *see also* Doc. 218 at 6 n.5.  Due to that and other concerns by Plaintiff, the parties could not resolve this issue without further court intervention.  So, the Court directed full briefing.

---

[1] The discovery orders in *Grayson* control in certain related cases, including both cases under which this Order is docketed.

Ultimately, Plaintiff filed a Motion to Compel (Doc. 214; the Motion), and Defendant filed a response (Doc. 218)[2]. On October 11, 2023, the Court held a hearing on the Motion. For the reasons stated in this Order, and for those stated on the record on the hearing, the Motion is denied.

## II.    Discussion

### A.  The *Grayson* Order

On April 25, 2022, the Court entered an order denying Plaintiff's motion to compel discovery. *Grayson*, No. 6:20-cv-1770-RBD-DCI (M.D. Fla. Apr. 25, 2022). The parties had agreed to ESI protocols, and Plaintiff sought to compel, arguing, in effect, that Defendant: (a) had to provide the raw results of the searches that resulted from the agreed-upon ESI protocols; and (b) could not perform a "responsiveness review" on those results. Defendant argued, in effect, that it complied with the agreed-upon ESI protocols, conducting searches using the agreed-upon ESI protocols and then reviewing the results of those searches and producing to Plaintiff only those documents that were responsive to Plaintiff's discovery requests. The Court rejected Plaintiff's argument and found that Defendant may conduct a responsiveness review and need provide to Plaintiff only those results responsive to a discovery request.

In the Motion, Plaintiff appears to again challenge Defendant's ability to conduct a responsiveness review, though this time only in the context of this dispute concerning hexavalent chromium. To the extent Plaintiff seeks reconsideration of the April 25, 2022 order in *Grayson*, Plaintiff has failed to meet any of the criteria for reconsideration. Reconsideration is an extraordinary remedy and is only granted upon a showing of: (1) an intervening change in law; (2)

---

[2] Identical Motions were filed in two cases. *See Henderson v. Lockheed*, No. 6:21-cv-01363-RBD-DCI (Doc. 365). The Court held a hearing on both Motions together—accordingly, the Court will rule on the motions together.

the discovery of new evidence that was not available at the time the Court rendered its decision; or (3) the need to correct clear error or manifest injustice. *Fla. Coll. Of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). "A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotation marks omitted). The Court will not reconsider a prior decision without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Assn., Inc.*, No. 6:11-CV-1637-ORL-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *American Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)).

Plaintiff makes no argument, and cites no authority, for the proposition that this Court should reconsider the issue of whether Defendant was permitted to conduct a responsiveness review. Accordingly, to the extent that Plaintiff challenges the *Grayson* order or the ruling therein, the Motion is due to be denied.

### B. Hexavalent Chromium Documents

It appears to be without dispute that the agreed-upon ESI protocols resulted in Defendant identifying a subset of about 15,000 documents that hit on search terms related to hexavalent chromium. Defendant then conducted a responsiveness review on those documents and produced to Plaintiff about 2,800 documents. In the Motion, Plaintiff is ultimately seeking all 15,000 of those documents. In support, Plaintiff cites to the few hexavalent chromium documents that it has discovered through deposition or following Defendant's court-ordered re-review.

In effect, Plaintiff is attempting to avoid Defendant's responsiveness review by another means. But Plaintiff offers no legal support for its proposition that an error in Defendant's

production entitles them to unfettered access to all the raw results from Defendant's ESI searches. And it is commonly understood that discovery is not perfect. *See Enslin v. Coca-Cola Co.*, No. 2:14-cv-06476, 2016 WL 7042206, at *3 (E.D. Pa. June 8, 2016) ("There is no obligation on the part of a responding party to examine every scrap of paper in its potentially voluminous files, and in an era where cast amounts of electronic information is available for review, courts cannot and do not expect that any party can meet a standard of perfection."); *Culliver v. BP Expl. & Prod., Inc.*, No. 3:21-cv-4942-MCR-HTC, 2022 WL 19568966, at *2 (N.D. Fla. Nov. 29, 2022) ("'[T]he Federal Rules of Civil Procedure do not require perfection,' thus, the fact 'that some relevant documents have fallen through the cracks,' or there was a delay in producing documents, does not make discovery on discovery more than of 'dubious value.'") (citation omitted). Plaintiff's identification of an error in Defendant's production provides no basis for the broad relief that Plaintiff now requests.

Further, the Court declines to compel the production of thousands of documents that Defendant has reviewed and found to be unresponsive to Plaintiff's discovery requests. According to Plaintiff—both in the Motion and at the hearing—the discovery requests at issue in the Motion are Requests for Production 11, 14, 15, 27, 28, and 29. *See* Doc. 214 at 15-16. The record before the Court is that Defendant has steadfastly asserted that it has complied with its discovery obligations in relation to those discovery requests since at least December 23, 2021, when Defendant supplemented its responses to the discovery requests at issue. *See* Doc. 218-2. As again confirmed at the hearing, each of the responses to Requests for Production 11, 14, 15, 27, 28, and 29 are identical, and in each response Defendant states that—subject only to the agreed-upon ESI protocols and one objection the Court has sustained concerning the "Substances of Concern" that is not relevant here—Defendant has "produced all responsive, non-privileged

documents identified from a reasonable review of the" results from searches conducted pursuant to the agreed-upon ESI protocols. *See, e.g.*, Doc. 218-2 at 12. And, in the face of those long-standing discovery responses in this case, Plaintiff has provided the Court with no legal authority that it may now compel in discovery the production of thousands of documents that are not responsive to a discovery request.

### III.    Conclusion

Accordingly, the Motion (Doc. 214) is **DENIED.**

**ORDERED** in Orlando, Florida on October 16, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE